AUSA: Adam Z. Margulies

**24 MAG 802**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TROY CARTER,<br><br>                    Defendant. | **COMPLAINT**<br><br>Violations of<br>18 U.S.C. §§ 922(g)(1) and 2<br><br>COUNTY OF OFFENSE:<br>BRONX |

SOUTHERN DISTRICT OF NEW YORK, ss.:

    KATIE WITRYK, being duly sworn, deposes and says that she is a Postal Inspector with the United States Postal Inspection Service ("USPIS"), and charges as follows:

## COUNT ONE
### (Possession of Ammunition after a Felony Conviction)

    1.    On or about February 23, 2024, in the Southern District of New York and elsewhere, TROY CARTER, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess ammunition, to wit, 50 .38 caliber Special PMC cartridges, 50 9 mm Remington cartridges, 50 10 mm CCI Blazer cartridges, and 25 .410 caliber American Tactical buckshot cartridges, and the ammunition was in and affecting commerce.

    (Title 18, United States Code, Sections 922(g)(1) and 2.)

    The bases for my knowledge and for the foregoing charges are, in part, as follows:

    2.    I am a Postal Inspector with USPIS. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal knowledge; my conversations with other law enforcement personnel and United States Postal Service ("USPS") employees; my review of physical evidence, audio recordings, and documents, reports, and records, including commercial and law enforcement databases; and my training and experience regarding firearms and ammunition offenses, crimes involving the use of the mail, and other crimes. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**February 16, 2024 Attempted Delivery of a Firearm and Ammunition to TROY CARTER**

      3.      Based on my training and experience as a USPIS Postal Inspector, my conversations with USPS employees and law enforcement personnel, and my personal participation in this investigation, including my review of physical evidence, audio recordings, and documents, records, and reports, I am aware of the following, in substance and in part:

      a.      On or about February 16, 2024, a mail carrier employed by USPS (the "Mail Carrier") noticed, while servicing his mail route in or around the Bronx, New York, that the packaging of a particular parcel ("Parcel-1") had been torn.

      b.      Parcel-1 is a brown, cardboard box with duct tape on each corner, securing a piece of paper with the delivery and return address specified below handwritten in black ink; weighs approximately 3 pounds and 11 ounces; is assigned a particular USPS tracking number ending in 6425; has a return address of a particular individual ("Sender-1") and particular address in West Palm Beach, Florida (the "Sender-1 Address"); and is addressed to TROY CARTER, the defendant, at a particular address in the Bronx, New York (the "CARTER Address").

      c.      Due to the tear in Parcel-1, the Mail Carrier was able to see that Parcel-1 contained what appeared to be the barrel and slide of a handgun. The barrel appeared black in color, and the slide appeared silver. Accordingly, the Mail Carrier did not deliver Parcel-1 and, instead, brought Parcel-1 to the attention of other employees of USPS and USPIS.

      d.      On or about February 16, 2024, an individual who identified himself as TROY CARTER, the defendant, called USPS to inquire about the status of Parcel-1. On that call, which was recorded, CARTER identified Parcel-1 by its tracking number and asked, in substance and in part, why it had not yet been delivered. CARTER also identified Sender-1 as the sender of Parcel-1; identified the CARTER Address as both the delivery address for Parcel-1 and CARTER's mailing address; and provided as his contact phone number a particular number which, based on my review of law enforcement and USPS records, is listed as CARTER's phone number in such records. When asked by a USPS employee to describe the contents of Parcel-1 on the call, CARTER stated, "mechanic parts."

      e.      On or about February 17 and 20, 2024, CARTER again called USPS to inquire about the delivery status of Parcel-1.

      f.      On or about February 20, 2024, I conducted an X-ray scan of Parcel-1, which revealed that Parcel-1 appeared to contain a handgun. In addition, the X-ray scan appeared to show a magazine containing cartridges inside of it.

      g.      On or about February 20, 2024, the Honorable Sarah L. Cave authorized a warrant for the search and seizure of Parcel-1 (the "Parcel-1 Warrant"). On or about February 21, 2024, I and other law enforcement personnel executed the Parcel-1 Warrant by opening Parcel-1.

      h.      Based on my personal observation of the contents of Parcel-1, I am aware that Parcel-1 contained a dark green and silver Smith & Wesson .40 caliber handgun, with a black barrel, and with markings in the expected location of the serial number that, based on my

conversations with law enforcement personnel and my query of a database of firearm serial numbers, appear to be etched onto the firearm in place of the authentic manufacturer serial number. Parcel-1 also contained a box containing 50 .40 caliber Federal Ammunition cartridges.

### Prior Parcel Deliveries to the CARTER Address from the Sender-1 Address

4. Through querying a USPS database, I have learned the following:

   a. On or about February 10, 2024, a separate package was delivered to the CARTER Address from the Sender-1 Address. More specifically, on or about February 10, 2024, a USPS parcel with a particular tracking number ending 9421, which weighed approximately 5 pounds and 12 ounces, was delivered to TROY CARTER, the defendant, at the CARTER Address, with a return address of Sender-1 and the Sender-1 Address.

   b. On or about December 21, 2023, a separate package was delivered to the CARTER Address from a location that is consistent with the Sender-1 Address. More specifically, on or about December 21, 2023, a USPS parcel with a particular tracking number ending 5429, which weighed approximately 3 pounds and 3 ounces, was delivered to TROY CARTER at the CARTER Address from an unknown address in West Palm Beach, Florida.

### Law Enforcement's February 23, 2024 Search of the CARTER Address Apartment

5. On or about February 22, 2024, the Honorable Sarah L. Cave authorized a search and seizure warrant (the "CARTER Address Warrant") for the apartment located at the CARTER address (the "CARTER Address Apartment"). On or about February 23, 2024, I and other law enforcement personnel executed that warrant.

6. Based on my personal participation in the execution of the CARTER Address Warrant, and my conversations with other law enforcement personnel who participated in the execution of that warrant, I am aware of the following:

   a. During the search of the CARTER Address Apartment, law enforcement found, in a gun case in the bedroom of TROY CARTER, the defendant, a Buckstalker .50 caliber black powder rifle; in a dresser drawer in the same bedroom, an object that appears to be a black airsoft revolver; and in two dresser drawers in the same bedroom, approximately 175 rounds of ammunition, including 50 .38 caliber Special PMC cartridges, 50 9 mm Remington cartridges, 50 10 mm CCI Blazer cartridges, and 25 .410 caliber American Tactical buckshot cartridges. A photograph of the ammunition is below.



b.      During the search of the CARTER Address Apartment, I advised CARTER of his *Miranda* rights, and CARTER stated, in substance, that he understood his rights. Approximately ten to twenty minutes later, CARTER asked another USPIS Postal Inspector ("Inspector-1"), in substance, why law enforcement was searching his apartment, and voluntarily stated, in substance and in part, that he did not have any weapons in the apartment except for a BB gun and a black powder rifle, both of which, CARTER stated, were legal for him to have. CARTER further stated, in substance and in part, that he had ammunition in the apartment, but that the ammunition was legal, too, because of the Supreme Court. Inspector-1 responded, in substance, "You're a felon, right?  It's not legal if you're a felon."  CARTER responded, in substance and in part, that there's a Supreme Court case that said that everyone is allowed to have guns and ammunition, and that CARTER's brother got a permit.  Inspector-1 asked, in substance, whether CARTER's brother was a felon.  CARTER did not respond to that question.

### Felon Status and Manufacture of Ammunition

7.      Based on my discussions with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, and who reviewed certain of the ammunition evidence collected by the New York City Police Department from the CARTER Address Apartment, I know that the ammunition recovered from the CARTER Address Apartment was not manufactured in New York State.

8.      Based on my review of law enforcement records, I have learned that TROY CARTER, the defendant, has been convicted of at least four felony offenses.  In particular:

a.      On or about February 3, 1995, CARTER was convicted upon a plea of guilty in Bronx County Supreme Court, of attempted murder, in violation of N.Y. Penal Law § 125.25(1), a felony, was sentenced to a term of 6 to 12 years' imprisonment, and served a sentence of at least approximately six years and 9.5 months' imprisonment, followed by a term of parole, which was

4

revoked, after which CARTER served an additional sentence of approximately two months' imprisonment.

      b.      On or about February 3, 1995, CARTER was convicted upon a plea of guilty in Bronx County Supreme Court, of robbery in the third degree, in violation of N.Y. Penal Law § 160.05, a felony, and was sentenced to a term of 2 to 4 years' imprisonment, to be served concurrently with the sentence described in paragraph 8.a above.

      c.      On or about September 19, 1991, CARTER was convicted upon a plea of guilty in Bronx County Supreme Court, of criminal possession of stolen property in the third degree, in violation of N.Y. Penal Law § 165.50, a felony, and was sentenced to a term of 5 years' probation.

      d.      On or about September 19, 1991, CARTER was convicted upon a plea of guilty in Bronx County Supreme Court of attempted robbery in the second degree, in violation of N.Y. Penal Law § 160.10(1), a felony, and was sentenced to a term of 5 years' probation.

WHEREFORE, I respectfully request that TROY CARTER, the defendant, be imprisoned or bailed, as the case may be.

 

*/s Katie Witryk*  (By Court with Authorization)
KATIE WITRYK
Postal Inspector
USPIS

Sworn to by reliable electronic means pursuant to
Fed. R. Cr. P. 4.1 & 41(d)(3) this 23rd day of
February, 2024.

_____
THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

5